In re  *John Robert Suggs*
       *Parthenia Hood Suggs* _____    Case No. _____

                            Debtor(s)

# CHAPTER 13 PLAN
## Attachment A

### CHAPTER 13 PLAN

The Debtors propose the following Chapter 13 Plan and make the following declarations:

   I. Provisions Related to Effective Date of Plan to Supremacy of Terms of Proposed Plan, Survival of Terms of Proposed Plan, and Acceptance of Terms of Proposed Plans

Effective Date of Plan:  **The effective date of the Plan shall be the date of confirmation.**

Terms of Proposed Plan:

     The debtors propose this plan pursuant to 11 U.S.C. section 1321.  Neither the chapter 13 trustee nor any other party in interest may propose a plan on the debtors' behalf.  Each provision of this proposed plan shall be deemed to be incorporated into any order confirming the debtors' plan, except to the extent that the motion to confirm the debtors' plan filed by the chapter 13 trustee or the order confirming the chapter 13 plan explicitly rejects a provision or contains a term that cannot be reconciled with a provision of this proposed plan.

Acceptance of Plan:

     With respect to each holder of a claim (hereinafter referred to as "creditor") whose claim is provided for in this proposed chapter 13 plan, said creditor shall be deemed to have accepted this plan and the proposed treatment of its claim unless its timely and explicitly rejects the plan or objects to confirmation of the plan in accordance with the rules and procedures implemented by the Bankruptcy Court for the Eastern District of North Carolina.  Each secured creditor who accepts the plan in this manner shall be deemed to have accepted the plan pursuant to 11 U.S.C. §1325(a)(5)(A).  Acceptance of the plan by a secured creditor pursuant to this provision shall relieve the debtors from meeting the requirements of 11 U.S.C. section 1325(a)(5)(B) including but not limited to any requirement that periodic payments are equal or that the debtors make adequate protection payments; and provided that, the value of any collateral securing a claim of a secured creditor shall not be determined without proper notice that complies with due process pursuant to *In Re Linkous*, 990 F.2d 160 (4th Cir. 1993).

II.   PROPERTIES AND FUTURE EARNINGS OR INCOME SUBJECT TO
      THE SUPERVISION AND CONTROL OF THE TRUSTEE

The Debtors submit the following to the supervision and control of the Trustee.

Future earnings or income of: **$2,600.00, plus proceeds from sale of property to pay claims in full.**
                  Payment period: **Monthly**
      Length of Plan (in months):   **\*36**
2.   Payor to be:  **Debtors**

3.   **Description of Plan:**

   The Debtors have substantial equity in real property located in Johnston and Sampson counties.  Their plan provides for paying all claims in full.  Ongoing payments on the two mortgages secured by their residence shall be paid by the chapter 13 trustee as a conduit.  Any arrearages owed on the two mortgages shall be paid in a lump sum from the proceeds of the sale of the other real property.  The ongoing payments on the mortgage secured by the rental house located at 4624 Hwy 70 West shall also be paid with the trustee as a conduit, and the arrearage shall be paid in a lump sum from the proceeds of the sale of the other real property.

   Each remaining consensual lien secured by the real property shall accrue interest at 3.25%, and receive monthly adequate protection payments of accrued interest, until the collateral securing the debt is sold, at which time the claim shall be paid in full.

   Secured claims for ad valorem taxes shall be paid with interest at the non-bankruptcy rate and paid in full through the chapter 13 plan payments.

4.   Amounts necessary for the payment of allowed post-petition claims under 11 U.S.C. §1305.

III.   ADEQUATE PROTECTION AND LEASE PAYMENTS

The Debtors shall make the following payments pursuant to 11 U.S.C. §1326(a)(1)(B) or (C).

1. Lease Payments: Debtors shall make payments scheduled in a lease of personal property directly to the lessor for that portion of the obligation that becomes due post-petition as follows:
         Name of Lessor:
         Description of personal property:
         Payments made directly to lessor:

2

   These payments shall be reduce the payments to the trustee set out in paragraph I as follows:

2. Adequate Protection Payments: Debtors shall make adequate protection payments to the holder of an allowed claim secured by personal property as set out below. The payments shall be distributed by the trustee beginning approximately 30 days after the petition is filed and continuing monthly thereafter until the debtors' attorney's fees have been paid.  The payments shall be applied to the payment of principal since the claim is under secured.

      Secured Creditors:  **Century Finance**
             Collateral:  **2004 Lincoln Towncar**
              TREATMENT:  **$66.22 per Month**


These payments shall reduce the payments to the trustee under paragraph I as follows:


 IV.   TREATMENT OF CLAIMS

1.  Debtors shall pay in full, in deferred cash payments, all allowed claims entitled to priority under 11 U.S.C. §507.  The claims shall be paid in the same order of priority as set out in Section 507. (eg. attorneys fees shall be paid prior to taxes):

     Trustee to receive:  **Commission as approved by the court**

     Attorney's fees to be paid through the Plan: **$4,800.00**
     **To be paid through the plan in monthly installments sufficient to pay the claim in full within two years**.

     Taxes: Debtors are not aware of any priority tax claims, but the debtor proposes to pay any such allowable claims in full.

3

2. **Claims Secured by Residence:** Claims set forth below are secured only by interests in real property that is the Debtors' principal residence. Defaults shall be cured and regular payments shall be made. The cure payments shall be in accordance with the FIRST OPTION set out below unless the creditor does not accept the treatment. If the creditor does not accept the treatment it shall be paid in accordance with the SECOND OPTION.

        Creditor: **Selene Finance**
        Ongoing payment: **$990.00 per Month**
        **Default will be paid in a lump sum upon sale of property.**

        Creditor: **First Federal**
        Ongoing payment: **$275.00**
        **Default will be paid in lump sum upon sale of property.**

3. **Secured Claims: Cram Down:** The allowed secured claims set forth below shall be paid in full to the extent of the value of the collateral pursuant to Section 506(a) of the Bankruptcy Code. The balance of the claim, if any, shall be treated as unsecured. Each creditor shall retain its lien. The debtors are the owners of the property serving as collateral for payment of the secured claims. Debtors are aware of the condition of the collateral and know its value. On the Plan filing date the property has the value set forth below. The value is based upon disposition of said property in a commercially reasonable manner. This secured claim shall be "crammed down" pursuant to Section 1325(a)(5)(B) of the Bankruptcy Code and the present value of the secured claim shall be paid in monthly installments through the plan at the discount rate set out below. Upon payment of the claim the lien shall be released. The unsecured portion of the claim, if any, shall be paid on a pro rata basis with other unsecured claims.

        Creditor: **Century Finance**
        Total Claim: **$2,211.06**
        Collateral Description: **2004 Lincoln Towncar**
        Collateral Value: **$6,250.00**
        Amount of Secured Claim: **$2,211.06**
        Discount Rate: **5.25%**
        Monthly Payment Amount: **$66.22**

4. **Section 1325(a)(5) 910-Motor Vehicle Claims:**
Claims which are governed by the "hanging paragraph" set out in §1325(a) related to a debt secured by a purchase money security interest on a motor vehicle acquired for the personal use of the debtors and incurred within 910-day period prior to filing shall be treated as follows:

    Creditor: **N/A**
    Collateral:
    Treatment:

5. **Claims set forth below are either tax claims or loans secured by real property other than the Debtor's residence. The treatment of each claim is specified.**

    Secured Creditors: **Johnston County Tax collector**
    Collateral: **See Schedule A, Attachment A**
    Amount: **$1,199.89**
    Treatment: **Claim will be paid in full with interest at 9.0 %**

    Secured Creditors: **Suntrust**
    Collateral: **Vacant Lot of Wildwood Ct.**
    Amount of Claim: **$181,520.30**
    Treatment: **Claim will accrue interest at 3.25% and receive adequate protection payments of $492.00 per month. Once collateral is sold, claim will be paid in full**

    Secured Creditors: **Harold Suggs**
    Collateral: **Vacant Lot of Wildwood Ct.**
    Amount of Claim: **$105,000.00**
    Treatment: **Claim will accrue interest at 3.25% and receive adequate protection payments of $285.00 per month. Once collateral is sold, claim will be paid in full**

    Secured Creditors: **Bank of America**
    Collateral: **Rental Property at 4624 Highway 70 West**
    Treatment: **Trustee will make ongoing payments of $296.82 per month as a conduit. Arrears will be paid in full upon sale of other property**

6. The collateral on the following secured claims shall be surrendered to creditor and any deficiency balance shall be treated as unsecured:

5

7. Allowed unsecured claims not otherwise referred to in the Plan shall be treated as follows:
   **Paid in full with interest at federal judgment rate**

8. Post-petition claims allowed under 11 U.S.C. §1305, shall be paid in full in equal monthly installments, which installments commence on the date of the allowance of said claim and conclude on the last payment under the Plan.

9. With respect to any claim that is not allowed because the claim was not timely filed this plan provides as follows:  The debtors shall pay the holder of such claim $1.00 outside the plan from funds that would otherwise be spent on debtor's necessary living expenses.

V. OTHER PROVISIONS

1. The following executory contracts and unexpired leases are **to be**

2. The following claims are excluded, in whole or in part as indicated, and not provided for by the Plan:

3. On the Chapter 13 Petition filing date, the following creditors have judicial liens upon exempt property of the debtors:

   In addition, the following creditors have non-possessory, non-purchase money security interests in Debtors' household furnishing, household goods, wearing apparel, appliances, books, animals, crops, musical instruments or jewelry, described in the tabulation below, all of which are held for Debtors' family, or household, or dependents:
   Debtors have claimed and is entitled to claim the property subject to said judicial liens and non-possessory, non-purchase money security interests as exempt under 11 U.S.C. §522(b).  To the extent that liens impair said exemptions allowed under applicable law, said liens shall be avoided.

4. The value as of the date of the filing of the Plan of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtors was liquidated under Chapter 7 of the Bankruptcy code on such date.

5. The Debtors request approval of payments over a period longer than three years, but not longer than five years. Cause exists for the payment over a period of more than three years, but not longer than five years, as follows:

6. The Debtors will be able to make all payments and comply with all provisions of the Plan, based upon the availability to the Debtors of the income and property the Debtors propose to use to complete this Plan.  The Debtors are reasonably assured that said income and property is, and will continue to be, available to make the payments and complete the Plan.

7. This Plan complies with the provisions of Chapter 13 and all other applicable provisions of title 11 of the United States Code.  Any fee, charge, or amount required to be paid before confirmation has or will be paid prior to confirmation.  The Plan has been proposed in good faith and not by any means forbidden by law.

8. In the absence of written objection filed with the court and served upon Debtor's counsel and upon the Chapter 13 trustee and, if applicable, upon the U.S. trustee not less than five (5) court days prior to the date fixes for the hearing on confirmation, the court may confirm this chapter 13 Plan and accept the valuations and allegations asserted therein.

9. Other provisions: All provisions set forth in this proposed plan shall survive the Order of Confirmation and be deemed to be incorporated into the Confirmed Plan, except to the extent that such a provision irreconcilably conflicts with a provision of the confirmed plan.

VI. REVESTMENT OF PROPERTY IN DEBTORS

Property of the estate shall revest in the debtors upon confirmation. In the event the case is converted to a case under Chapter 7 or 11 of title 11 United States Code, property of the estate shall vest in accordance with applicable law.

```
(The penalties for making a false statement or
concealing property is a fine of up to $500,000 or
imprisonment for up to 5 years or both. - 18 U.S.C.
§§152 and 3571.)
```

DECLARATION

I, **John Robert Suggs**, and I, **Parthenia Hood Suggs**, named as the debtors in this case, declare under penalty of perjury that we have read the foregoing Chapter 13 Plan, consisting of 5 sheets, and that it is true and correct to the best of our information and belief.

Signature: <u>**S/:   John Robert Suggs**</u>
           **John Robert Suggs**

Signature: <u>**S/:   Parthenia Hood Suggs**</u>
           **Parthenia Hood Suggs**

<u>S/:  William E. Brewer, Jr.</u>
William E. Brewer, Jr.
State Bar Number 7018
Attorney for Debtor(s)
311 E. Edenton Street
Raleigh, North Carolina 27601
919 832-2288